UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT HARDING, JR.,

                              Plaintiff,

                                                        **COMPLAINT AND JURY**
v.                                                      **DEMAND**

M. ROBERT MADIA II and
FIRST ASSET RECOVERY GROUP, LLC,                        Case No.: _____

                              Defendants.

_____

        The plaintiff, Robert Harding, Jr., by and through his attorney, Chad Murray of

Bouvier Partnership, LLP, alleges the following upon information and belief:


                                **PARTIES**

        1.      The plaintiff, Robert Harding, Jr., is a resident of Cayuga County, New

York.

        2.      The defendant, M. Robert Madia II, is a resident of Erie County, New

York. He resides within the jurisdiction of this court.

        3.      The defendant, First Asset Recovery Group, LLC, is a domestic limited

liability company licensed to operate in New York. It maintains offices for the

transaction of business in Niagara County, New York. Its offices are located within the

jurisdiction of this court.

## JURISDICTION AND VENUE

4.     The court has subject matter jurisdiction in this action because the plaintiff

brings this action pursuant to 15 U.S.C. § 1692 et seq., known as the Fair Debt Collection

Practices Act ("FDCPA"). The plaintiff is seeking redress for violations of the various

provisions of the FDCPA by the defendants in the course of collection of a consumer

debt.

5.     The Western District of New York is the proper venue for this action

because both defendants are principally located within this district, and both

defendants committed the FDCPA violations at issue through the course of their

business endeavors within this district.

## THE PLAINTIFF'S CLAIMS

### General Allegations

6.     The defendant, M. Robert Madia II, is an attorney licensed to practice law

in New York. His business endeavors, including the regular and routine engagement in

collection of consumer debts, meet the definition of a "debt collector" as the term is

defined by 15 U.S.C. § 1692a(6).

7.     The defendant, First Asset Recovery Group, LLC, is a debt collection

agency headquartered in North Tonawanda, New York. Its business endeavors,

including the regular and routine collection of consumer debts, meet the definition of a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. The defendants jointly initiated attempts to collect a consumer debt, allegedly totaling $452.65, from the plaintiff, Robert Harding, Jr., on or about March 8, 2013.

9. The defendants' initial collection efforts consisted of a March 8, 2013 letter sent by "MRM Attorneys at Law" addressed to the plaintiff. The letter was purportedly sent by M. Robert Madia II on behalf of his client, First Asset Recovery Group, LLC. A copy of the subject letter is attached to this pleading as Exhibit "A".

10. The plaintiff's counsel immediately sent a certified letter to defendant Madia advising of representation, disputing the debt, and seeking debt validation.

11. Counsel's March 13, 2013 letter was returned by the United States Postal Service as undeliverable on April 9, 2013.

12. Both the plaintiff and his counsel have attempted to call the telephone number listed on defendant Madia's initial letter to discuss the alleged debt but on each occasion the number has been out of service.

13. The defendants, individually and acting in concert, have violated various provisions of the FDCPA, codified as 15 U.S.C. § 1692 et seq., in their attempts to collect a debt from the plaintiff, Robert Harding, Jr.

## COUNT ONE

### Violation of 15 U.S.C. § 1692e(3)

14.     The plaintiff reasserts and realleges all preceding paragraphs numbered 1 through 13 as if each was independently restated here.

15.     The defendants jointly contacted the plaintiff, Robert Harding, Jr., using correspondence designed to appear as if it was sent by a law office operating under the name "MRM Attorneys at Law".

16.     Subsequent actions undertaken by the plaintiff and plaintiff's counsel have revealed that the contact information provided by defendant Madia for himself as an attorney or the entity known as "MRM Attorneys at Law" was false.

17.     The March 8, 2013 letter was a computer-generated form letter sent to the plaintiff by the defendants to mislead the plaintiff into believing that an attorney reviewed the file and was attempting to collect the debt.

18.     Defendant First Asset Recovery Group, LLC, as the debt collector denoted on defendant Madia's letter, engaged in false and misleading communication by sending, disseminating, or otherwise requesting and condoning the use of a computer-generated form letter providing false and misleading information regarding attorney interaction with or knowledge of the plaintiff's file.

19.     In addition, the false contact information contained in the defendants' letter negated the plaintiffs' opportunity to dispute or request validation of the debt due

to the ethical rules governing attorneys in New York. The plaintiff's counsel, bound by ethical rules, was unable to directly contact First Asset Recovery Group, LLC due to the erroneous implication that First Asset Recovery Group, LLC was represented by counsel.

20.     Based on the foregoing, the defendants have violated 15 U.S.C. § 1692e(3) by falsely representing or implying that the March 8, 2013 letter was sent by a law office or attorney with knowledge of the plaintiff's file and ability to act thereon while attempting to collect a debt.

## Count Two

### Violation of 15 U.S.C. § 1692e(14)

21.     The plaintiff reasserts and realleges all preceding paragraphs numbered 1 through 20 as if each was independently restated here.

22.     The defendants, M. Robert Madia II and First Asset Recovery Group, LLC, represented themselves as "MRM Attorneys at Law," a false and fictitious business entity meant to mislead the plaintiff.

23.     "MRM Attorneys at Law" is a false and fictitious business name utilized by the defendants in order to mislead the plaintiff into believing that the March 8, 2013 letter was sent by an attorney or law firm in lieu of a collections agency.

24.     Based on the foregoing, the defendants have violated 15 U.S.C. § 1692e(14) by using a fictitious business name while attempting to collect a debt.


## COUNT THREE

### Violations of 15 U.S.C. §§ 1692e(2) and 1692f(1)

25.     The plaintiff reasserts and realleges all preceding paragraphs numbered 1 through 24 as if each was independently restated here.

26.     The defendants' March 8, 2013 letter threatens through implication that the plaintiff would become liable for "the added legal costs of civil litigation, including, but not limited to, service of process fees, court fees, and reasonable-attorney fees [sic] … should [he] continue to deny responsibility and deny that [he] received generous financial assistance…."

27.     The defendants have no legal basis to assess any of the fees threatened in the defendants' March 8, 2013 letter.

28.     Based on the foregoing, the defendants have violated 15 U.S.C. §§ 1162e(2) and 1692f(1) by threatening to assess costs they have no legal justification to impose.

COUNT FOUR

**Violation of 15 U.S.C. § 1692g(b)**

29.     The plaintiff reasserts and realleges all preceding paragraphs numbered 1 through 28 as if each was independently restated here.

30.     The defendants March 8, 2013 letter includes language establishing a ten-day time limit for payment of the debt. The language reads: "Your final payment(s) of $452.64 will due directly to our client, First Asset, LLC, within ten (10) days after receipt of this notice ("Settlement-Due Date")."

31.     The ten-day time limit imposed overshadows and is inconsistent with the warning providing 30 days to dispute or request validation of the debt.

32.     The ten-day limit to make payment is inherently contradictory and is likely to mislead a consumer regarding his or her rights with respect to debt validation pursuant to the provisions of 15 U.S.C. § 1692g.

33.     Based on the foregoing, the defendants' March 8, 2013 letter violates the notice and validation provisions of 15 U.S.C. § 1692g(b).

**DAMAGES**

34.     The plaintiff has suffered actual damages including, but not limited to, monetary and reputation damages arising from the defendants' violations of the FDCPA, in addition to emotional distress arising from the defendants' violations of the

7

FDCPA. The plaintiff is entitled to recovery of actual damages for the above injuries from each of the named defendants pursuant to 15 U.S.C. § 1692k(a)(1).

35.     The plaintiff is entitled to statutory damages from each of the named defendants pursuant to 15 U.S.C. § 1692k(a)(2)(A).

36.     The plaintiff is entitled to attorney fees and costs from each of the named defendants pursuant to 15 U.S.C. § 1692k(a)(3).

## JURY DEMAND

37.     The plaintiff demands a trial by jury for each cause of action that same trial by jury is permitted.

## RELIEF REQUESTED

**WHEREFORE**, the plaintiff, Robert Harding, Jr., respectfully requests the following relief from this court:

a.     Judgment in the plaintiff's favor awarding compensation for all actual damages and injuries sustained as a result of the various FDCPA violations outlined above, as permitted by 15 U.S.C. § 1692k(a)(1), as against each defendant individually;

b.     Judgment in the plaintiff's favor awarding statutory damages in the amount of $1,000, as permitted by 15 U.S.C. § 1692k(a)(2)(A), as against each defendant individually;

c.      Judgment in the plaintiff's favor awarding attorney fees and costs, as

permitted by 15 U.S.C. § 1692l(a)(3), as against each defendant individually; and

d.      For any other relief that this court deems just and appropriate.

DATED:      May 15, 2013
            Buffalo, New York

/s/ Chad Murray
_____

Chad Murray
*Attorney for the plaintiff*
BOUVIER PARTNERSHIP, LLP
350 Main Street, 14th Floor
Buffalo, New York 14202
Tel: 716.856.1344 | Fax: 716.856.1369
cmurray@bouvierlaw.com